No. 125.—THE JUSTICES OF THE INFERIOR COURT of Fulton County, plaintiffs in error, vs. MADISON S. YOAKUM, defendant in error.

[1.] The tax receivers are not entitled to any commissions on the *county* tax.

Mandamus, in Fulton Superior Court.    Tried before Judge BULL, October Term, 1855.

This was an application filed by Madison S. Yoakum, former receiver of tax returns for Fulton County, praying for a *mandamus* against the Justices of the Inferior Court of said county, commanding them to grant an order directed to the County Treasurer, requiring him to pay over to the petitioner, as the Receiver of Tax Returns of said County, for the year 1854, five per cent. upon the county tax as his commissions.

The Justices of the Inferior Court filed their answer to the *mandamus nisi*, admitting that the plaintiff had applied for an order on the County Treasurer for his commissions on the county tax, which they had refused to grant, alleging that in their opinion, under the law, he was not entitled to receive any commissions upon the county tax.

The Court, after hearing argument of Counsel, decided that the plaintiff was entitled to receive commissions on the county tax the same as the Tax Collector, and directed the Justices of the Inferior Court to issue an order in his favor on the County Treasurer for the five per cent. claimed.

To which ruling and decision of the Court defendants excepted.

EZZARD & COLLIER, for plaintiffs in error.

UNDERWOOD ; HAMMOND & SON, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the Tax Receiver of the County of Fulton, for the year 1854, entitled to five per cent. commissions on the *county* tax of that county? This is the only question in the case.

The commissions to which a tax receiver is entitled, can only be such as are allowed to him by some statute.

The Tax Act of 1845 has the following section : " Sec. VII. The following rates of commissions shall be allowed on the net amount of each digest to each receiver and collector, to-wit :

On all digests over $20.000 3 per cent.

| " | " | " | " | 10 and under | $20.000 | 4 per cent. |
|---|---|---|---|---|---|---|
| " | " | " | " | 6 " " | 10.000 | 5 per cent. |
| " | " | " | " | 4 " " | 6.000 | 6 per cent. |
| " | " | " | " | 3 " " | 4.000 | 7 " " |
| " | " | " | " | 2 " " | 3.000 | 8 " " |
| " | " | " | " | 1 " " | 2.000 | 9 " " |
| " | " | " | | under | 1.000 | 10 " " |

The Tax Act of 1847 has the following section : " Sec. III. To net the digests as provided for in the 7th section of the Act of 1845, for the Receivers, the default list to be deducted ; and for the Collectors, the insolvent list, from the total amount of the digests."

The Tax Act of 1850 has the following section : " Sec. XII. The Tax Receivers and Collectors shall receive the same compensation now allowed by law, except the County of Chatham, whose Collector shall receive the same commission as now allowed to counties whose digest is less than ten

thousand doll's.; and to net the digest as provided for in the seventh sect. of the Act of '45, for the Receivers the default shall be deducted; and for the Collectors, the insolvent list shall be deducted from the total amount of the digest." (*Cobb's Dig.* 1076, 1080.)

In the Tax Act of 1851'–2 is a similar provision.

Now if the Tax Receiver is entitled to five per cent. commission on the county tax, it must be by virtue of something contained in some of these extracts from the Tax Statutes, for these extracts contain whatever there is in the law on the subject of compensation to the Tax Receiver.

The County Tax Act contains nothing on that subject. It merely provides pay for the Tax Collector—"and the Collector shall be entitled to the usual commission for collecting any such extraordinary tax to be assessed and levied as aforesaid." (*Cobb*, 184, 185.)

But there is nothing in any of these extracts which gives any commission to the Tax Receiver on the county tax. What the law in them contained gives him, is a named rate of commission on the net amount of his digest—a net amount to be ascertained in a particular way—and that is all it gives him.

There being, then, no Statute which gives the Tax Receiver five per cent. commission on the county tax, he is not entitled to that commission on the county tax.

If not, the judgment of the Court below, allowing the Tax Collector of Fulton that commission, was erroneous.

We think, therefore, that that judgment ought to be reversed.